IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | | |
|---|---|---|
| JOHN ANTHONY TAYLOR, | ) | |
| | ) | |
| Petitioner | ) | 3:24-CV-00119-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| WARDEN LEMAR ODDO, | ) | |
| ALEJANDRO MAYORKAS, MERRICK | ) | MEMORANDUM ORDER DENYING |
| B. GARLAND, TONY BRYSON, | ) | AS MOOT PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS AND MOTION TO |
| Respondents | ) | ENFORCE WRIT |
| | ) | |
| | ) | IN RE: ECF NOS. 8, 38 |
| | ) | |

Petitioner John Anthony Taylor ("Petitioner") is a citizen of Jamaica. Immigration and Customs Enforcement ("ICE") took Petitioner into custody in July of 2023. He filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his immigration detention at the Moshannon Valley Processing Center and requesting a bond hearing. ECF No. 8, *generally*. Counsel later entered an appearance on his behalf. *See* ECF No. 15. The parties have consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636.

On March 20, 2026, the parties filed a joint status report advising that Petitioner had been removed from the United States on or about October 16, 2025. Based on the parties' status report, the Court will dismiss the petition as moot.

Article III limits federal judicial power to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. A petitioner must, at every stage of litigation, demonstrate

"an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 406 (3d Cir. 2020) (quoting *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005)). A habeas petition generally is moot once the petitioner has been removed from the country because the Court no longer can order the relief requested in the petition. *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294, 298 (3d Cir. 2006) (unpublished); *see also Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (a case is moot when "developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome" or prevent the court from granting the requested relief).

Because Petitioner has been removed from the United States, as attested by counsel, and supported by the absence of any result in ICE's online detainee locator, this Court cannot grant him the relief he seeks. The petition is therefore moot and will be dismissed as such.

## ORDER

For the foregoing reasons, Petitioner's Section 2241 petition (ECF No. 8) and his motion to enforce the writ (ECF No. 38) are dismissed as moot.

Because the instant petition is moot, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will not issue. *See, e.g., Kimberly v. Giroux*, 2014 WL 1268716, at *4 (W.D. Pa. Mar. 26, 2014). The Clerk is directed to mark this case closed.

So ordered, this 23rd day of March, 2026.

BY THE COURT,

RICHARD A. LANZILLO
CHIEF UNITED STATES
MAGISTRATE JUDGE

3